**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

NOEL RAMIREZ-MENDOZA,

Defendant - Appellant.

No. 12-30214

D.C. No. 2:10-cr-02046-WFN-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
Wm. Fremming Nielsen, Senior District Judge, Presiding

Argued and Submitted March 6, 2013
Seattle, Washington

Before: FERNANDEZ, W. FLETCHER, and RAWLINSON, Circuit Judges.

Appellant Noel Ramirez-Mendoza (Ramirez-Mendoza) appeals the district

court order revoking his supervised release and imposing a new sentence. We

reverse and remand.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

**1.** Although the Federal Rules of Evidence do not strictly apply to revocation proceedings, *see United States v. Hall*, 419 F.3d 980, 987 (9th Cir. 2005), admission of hearsay evidence during revocation must satisfy the Fifth Amendment right to due process. *See United States v. Perez*, 526 F.3d 543, 548 (9th Cir. 2008). Unless the government shows good cause, the right to confront adverse witnesses is among a releasee's due process guarantees. *See id*.

**2.** Consideration of hearsay evidence at a revocation proceeding requires the court to balance the releasee's interest in confrontation against the government's "good cause" for denying such confrontation. *United States v. Comito*, 177 F.3d 1166, 1170 (9th Cir. 1999). The district court erred when it failed to perform this analysis, and thereby violated Ramirez-Mendoza's right to due process. *See id*. at 1172-73. Accordingly, it was error for the district court to sustain the assault allegation that was predicated upon the hearsay evidence. *See id*. at 1173.

**3.** The district court also erred by failing to consult the appropriate guideline governing supervised release. United States Sentencing Guideline §

5D1.1(c), which was in effect at the time of Ramirez-Mendoza's sentencing,[1] directs that a district court "ordinarily should not impose a term of supervised release in a case in which supervised release is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment." The application notes elaborate that a court may still "consider imposing a term of supervised release on [a deportable alien] if the court determines it would provide an added measure of deterrence and protection based on the facts and circumstances of [the] particular case." U.S.S.G. § 5D1.1, app. n. 5; *see also United States v. Valdavinos-Torres*, No. 11-50529, __F.3d__, 2012 WL 6621314, at *11 (9th Cir. Dec. 20, 2012).

The district court premised its imposition of supervised release solely on Ramirez-Mendoza's prior sentence. The court explained that "the supervised release of 36 months was imposed in 2010. . . . It just continues on, the 36 months, less the incarceration time." The court misconceived its sentencing obligation. "[A] term of supervised release after imprisonment is not the balance or remainder of the original term of supervised release, but, rather, is a *new and separate term*."

---

[1] Guidelines section 5D1.1 was effective as of November 1, 2011. *See United States v. Valdavinos-Torres*, No. 11-50529, __F.3d__, 2012 WL 6621314, at *11 (9th Cir. Dec. 20, 2012). Ramirez-Mendoza's sentence was imposed on June 18, 2012.

*United States v. Wing*, 682 F.3d 861, 870 (9th Cir. 2012) (emphasis added).

Accordingly, we remand for the district court to determine whether a term of

supervised release should be imposed after considering the provisions of U.S.S.G.

§ 5D1.1(c). *See United States v. Smith*, 561 F.3d 934, 942 (9th Cir. 2009), *as

amended* (explaining that a remand is required when the district court erroneously

applies the incorrect guideline and the error is not harmless).

        **4.**     We do not reach the question of whether the district court erred by

imposing a 3-month prison term for the underlying supervised release violation.

Although the district court improperly sustained the assault allegation, Ramirez-

Mendoza admitted to a separate supervised release violation of the same grade.

Supervised release violations are not cumulative: "[w]here there is more than one

violation of the conditions of supervision, or the violation includes conduct that

constitutes more than one offense, the grade of the violation is determined by the

violation having the most serious grade." U.S.S.G. § 7B1.1(b). Ramirez-Mendoza

admitted to being present in the United States without permission, a Grade C

violation. Because the alleged assault was also a Grade C violation, the ultimate

grade of the offense and the applicable Guideline range were unchanged.

However, because we cannot conclude with confidence that the error in sustaining

4

the assault allegation was harmless, the district court should on remand consider whether the remaining Grade C violation merits the same sentence. We in no way intend to suggest that a 3-month term of imprisonment is inappropriate for the remaining violation. Rather, we think it is prudent for the district court to confirm or adjust the sentence in its discretion.

**REVERSED AND REMANDED for further proceedings consistent with this disposition.**